**Carmen N. PYLE, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendants— Appellees.**

**No. 06–56141.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 15, 2008.

Thomas G. Roche, Esq., San Diego, CA, for Plaintiff-Appellant.

Deborah Lee Stachel, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Before: PREGERSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

### MEMORANDUM **

Carmen Pyle appeals the district court's order affirming the final decision of the Commissioner of Social Security that Pyle is not entitled to Social Security Disability Insurance Benefits. The parties are familiar with the facts, which we do not repeat, except those relevant to this disposition. This court has jurisdiction under 28 U.S.C. § 1291. We review the district court's decision upholding the Commissioner's denial of benefits de novo, *see Gillett–Netting v. Barnhart,* 371 F.3d 593, 595 (9th Cir. 2004), and reverse and remand.

This court will affirm the Commissioner's decision if it is supported by substantial evidence. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir.2004). "Substantial evidence is more than a mere scintilla, but less than a preponderance." *See Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1011 (9th Cir. 2003).

Pyle argues that the ALJ's decision to disregard the opinion of non-examining medical expert Dr. Sidney Bolter was not supported by substantial evidence. We agree. The ALJ does not point to substantial evidence in the record to support his decision to discount Dr. Bolter's opinion. Pyle is correct in her assertion that ALJs must consider the testimony of non-examining medical and psychological sources as opinion evidence. 20 C.F.R. § 404.1527(f)(2). Dr. Bolter had "serious questions" about Pyle's ability to sustain concentration, and suggested "at least moderate" restrictions on Pyle's cognitive abilities. The ALJ recognized that Pyle had attempted, but failed, to maintain employment as an organist at weekly church meetings. The ALJ nonetheless stated that Pyle made no attempt to sustain work. The ALJ's decision does not provide substantial evidence to support his conclusion that Pyle can sustain work.

Pyle also argues that the ALJ improperly rejected the opinion of Pyle's treating physician, Dr. Adrian. Where an ALJ rejects the opinion of the treating physician in favor of a conflicting opinion, she must provide "specific reasons supported by substantial evidence in the record for doing so." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995); *see also Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).

The ALJ did not provide specific reasons for rejecting Dr. Adrian's opinion. After discussing Pyle's entire treatment history, the ALJ rejected the treating doctor's opinion "for the above reasons." This explanation does little to identify the rationale for the ALJ's decision. At best, the ALJ points to a lack of "medical source statements" in Dr. Adrian's report. The ALJ does not, however, explain why Dr. Adrian's statements are insufficient. Because the ALJ did not provide specific reasons for rejecting the treating physician's opinion, this court cannot make a determination regarding substantial evidence.

Accordingly, we REVERSE with instructions to the district court to REMAND this case to the Commissioner of Social Security for further proceedings consistent with this memorandum disposition.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.